UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for WELLS FARGO ASSET SECURITIES CORP.,<br><br>    Plaintiff,<br><br>vs.<br><br>CARMEN ESCOBAR,<br><br>    Defendant. | Case No.: 11-CV-06218-YGR<br><br>**ORDER OF REMAND BASED ON DEFENDANT'S SECOND REMOVAL** |

Defendant removed this action on December 12, 2011. (Dkt. No. 1.) On May 15, 2012, Plaintiff filed a Memorandum of Points and Authorities Re Ban on Filing Second Notice of Removal After Remand. (Dkt. No. 11.) In Plaintiff's Memorandum, it informed the Court that Defendant has previously removed the same state court action to federal court (Case No. C 11-03835 PJH), and that Court remanded the case based on a lack of subject matter jurisdiction ("First Removal").

In this case, Defendant did not attach a copy of the state court complaint with her notice of removal ("Second Removal"). She did, however, file a copy of a notice to the state court of her Second Removal with the state court case number provided. This case number matches that of the state court action in the First Removal. As such, the Court agrees that Defendant has twice removed the same action, which is banned where removal is based on the same grounds. *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883); *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) (there must be intervening events justifying the second removal); *S.W.S. Erectors , Inc. v. Infax, Inc.*, 72 F.3d 489, 492–93 (5th Cir. 1996) (defendants are generally prohibited from seeking a second removal on the same ground, *i.e.*, the same pleading or event that made the case removable).

The Court has reviewed Defendant's Second Removal notice, and there is no substantive difference in the bases for the First and Second Removals. The state court complaint presents an unlawful detainer claim, which arises under state law, and does not allege any federal claims whatsoever. Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question *do not satisfy this requirement*. *Id.* Indeed, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. Defendant's allegations in a removal notice cannot alone provide this Court with federal question jurisdiction. Likewise, there is no diversity jurisdiction because the amount demanded in the state court complaint does not exceed $10,000. 28 U.S.C. §§ 1441(b) & 1332(a). As such, this Court lacks subject matter jurisdiction.

For the foregoing reasons, this action is hereby **REMANDED** to the San Mateo County Superior Court. Because this Court does not have subject matter jurisdiction over this action, it does not reach the merits of Defendant's Application to Proceed *in Forma Pauperis*. (Dkt. No. 2.) This Order terminates Dkt. No. 2.

The Clerk of this Court is further ordered to forward certified copies of this Order and all docket entries to the Clerk of the San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: May 16, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**